# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **DONALD M. BOYSAW**, | ) |
| Plaintiff, | ) Case No. 1:07CV00079 |
| v. | ) **OPINION AND ORDER** |
| **PURDUE PHARMA, ET AL.**, | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Defendants. | ) |

*Donald M. Boysaw, Pro Se; William W. Eskridge and Cameron S. Bell, Penn Stuart & Eskridge, Abingdon, Virginia, for Defendants.*

The unsuccessful pro se plaintiff in this diversity case has objected to the taxation of costs in favor of the defendant. I will grant the objection.

The plaintiff sued the maker of the pain mediation OxyContin and three of its executives for damages, contending that the product caused him to become addicted. I dismissed the action as to the three executives on the ground that the statute of limitations had run, *Boysaw v. Purdue Pharma*, No. 1:07CV00079, 2008 WL 2076667 (W.D. Va. May 16, 2008), and later granted summary judgment on the merits in favor of the manufacturer. *Boysaw v. Purdue Pharma*, No. 1:07CV00079, 2008 WL 4452650 (W.D. Va. Sept. 30, 2008). The defendant manufacturer then filed a Bill of Costs, seeking the sum of $780.30 for reimbursement of service fees for

subpoenas seeking the plaintiff's medical and pharmacy records. The plaintiff has filed a timely objection to the taxation of these costs.[1]

There is a presumption in favor of the awarding of costs to a prevailing party. *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994). The costs sought here are normally recoverable. *See Kennedy v. Joy Techs., Inc.*, 484 F. Supp. 2d 502, 504 (W.D. Va. 2007) (allowing fees for private process servers as costs). Nevertheless, costs may be refused in certain limited circumstances. *See Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999).

In the present case, the plaintiff is a federal prison inmate serving a lengthy term of imprisonment.[2] He is clearly indigent, and has been allowed to proceed in forma pauperis. While he may be able to pay some part of the requested costs in limited installments, he is already obligated for the $350 filing fee in this case. *See* 28 U.S.C.A. § 1915(b) (West 2006) (requiring prisoner proceeding in forma pauperis to pay full filing fee in installments based on income credited to prison account).

---

[1] The plaintiff styled his objection as "Motion Opposing Awarding of Attorney Fees Pursuant to Rule 54." The defendant has not sought attorneys' fees per se, but only reimbursement of the amounts paid to private process servers. However, in the body of the motion, the plaintiff requests an order denying "the defendant's motion to collect fees." (Plt.'s Mot. 2.) In light of the fact that the plaintiff is proceeding without an attorney, I will construe his motion liberally to include the costs sought by the defendant.

[2] The plaintiff is 61 years old and his current projected release date is October 19, 2017. Federal Bureau of Prisons, *Inmate Locator*, http://www.bop.gov (visited Oct. 28, 2008).

Moreover, I cannot say that this action was not brought in good faith. The defendant has been sued in hundreds of similar cases across the country and the plaintiff doubtless had a good faith belief in the merits of his action.

For these reasons, I find that it would be inequitable to award costs to the prevailing party. *See Crusenberry v. Boddie-Noell Enters., Inc.*, No. 2:99CV00129, 2001 WL 418737 at *1 (W.D. Va.)*, aff'd*, 22 F. App'x 194 (4th Cir. 2001) (denying costs to prevailing party).

It is **ORDERED** that the plaintiff's motion (#96) is GRANTED and the Bill of Costs is DENIED.

ENTER: October 28, 2008

/s/ JAMES P. JONES
Chief United States District Judge

- 3 -